The first case set for argument today is United States v. Manaku, case number 20-10069, and that case is set for 10 minutes per side. And Mr. Jerome, if you're ready to proceed, you may go ahead. MR. JEROME Good morning, and may it please the court, Craig Jerome on behalf of Grant Manaku. With the court's permission, I'd like to ask to reserve three minutes for rebuttal. To me, this is a fairly uncomplicated case, and the reason why I say it's uncomplicated is because the parties agree on most of its important aspects. The parties agree, for example, that the FBI failed to provide a search warrant, a copy of the search warrant, either before, during, or after the search in this case. The parties also agree that the FBI's failure to provide the copy of the search warrant violated Rule 41. The parties agree that this violation was a technical, non-substantive violation of the rule, and there's no dispute that a non-substantive, technical violation of the rule requires suppression where either, one, the violation results in prejudice, two, there is evidence of a deliberate disregard of the rule. Neither party is arguing prejudice in this case, so the sole issue facing the court is whether the district court erred when it concluded that there was no evidence that the FBI deliberately disregarded the rule. MR. GARGANO And do we, just at the outset, do we review that for abuse of discretion because it's a factual finding? MR. JEROME The government has argued that this is a factual finding that should be reviewed for clear error. Our position is that, at best, it's a mixed question which should be reviewed de novo, and the reason why I say that is because there are a number of cases, including a number of cases that were cited by the government, including Luke, Freitas, Negrete Gonzalez, that all say that the question of whether agents acted in good faith or in objectively reasonable reliance on a warrant should be decided de novo because it's a mixed question, and I don't see why the existence of deliberate disregard or bad faith, if you will, should be decided under any other standard of review. Having said that, the district court concluded that there was no evidence that existed supporting intentionality or a pattern of behavior on the part of the FBI, and I do think that that conclusion was clearly incorrect. The only conclusion that the evidence here supports is that agents deliberately and intentionally disregarded Rule 41. The question is not whether Agent Chang himself deliberately disregarded the rule, and the district court was wrong to rely on primarily Agent Chang's state of mind and find there was no pattern of disregard. I'm sorry, was there a question? I think you're good. Okay. The FBI here engaged in a pattern of deliberate disregard of the requirement that they provide a copy of the warrant on the subject of the search from the start to the end of this search, but what evidence is there of deliberate disregard? The first thing is that agents did not provide or produce the warrant at the outset of the search, and we know under Grubbs that that's not a violation of the rule, but the courts can certainly consider that in deciding whether there's deliberate disregard. Why would we consider it? If it's not a violation of the rule, then why should we consider that factor for determining whether it was intentional disregard? I would say you should consider that, Your Honor, because it's part of a pattern, a pattern of deliberate choices that the FBI made in this case, all of which resulted in the end of the day in the warrant not being provided. So they could have provided the warrant at the outset, and they chose not to do that. There's no evidence that that was a mistake or an error. That's a choice that they made. Do you concede that they were not legally obligated to give it to them at that time by the rule? Yes, Your Honor. Under Grubbs, there's no requirement, it seems, anymore for them to provide a warrant at the outset of the search. Do you agree that Grubbs overrules the prior comments that we had made in Gant that said that that was a violation of the rule? I think that that's the case. I think after Grubbs, the Ninth Circuit's holding that agents who are required to serve a warrant at the outset of the search has been overruled, or effectively overruled. So if then Grubbs says that the issue is the leaving of the warrant at the end, and Agent Chang was the one who left the warrant at the end, why, in your view, did the District change? Well, I don't know. After Grubbs, I don't know that the rule is that the warrant has to be left at the end of the search. Grubbs specifically left open the question of whether agents are required to produce the warrant upon request of the homeowner. Judge Souter's concurrence in Grubbs says that explicitly, and Grubbs relied on GRO, the footnote, Note 5 in GRO, which specifically said that they were not deciding the issue of if the homeowner requests the warrant, whether agents are required to provide the warrant, if it's safe for them to do so. So I think that's still an open question. But you're not making... There was a request made in this case, though, right, for the warrant? Yes, there was. There were multiple requests. But you're not arguing that they violated the rule, the agents violated the rule, by not giving the full warrant at the time of the request. Well, I don't think that we need to make that argument, because there's no dispute that at the end of the day, the agents did violate the rule. There's no question that the rule was violated. The government's agreed to that, everyone's agreed to that. So perhaps... What was to be gained by the violation? I mean, your argument is it was deliberate. What was to be gained by it? You know, and I've thought about that quite a bit. Obviously, we don't have to explain what the agent's motive was in not... I sort of think you do, because if there's no reason for it, if there's nothing to be gained, then it's hard for me to understand how we could conclude it was deliberate, or how we could conclude the district court was erroneous in concluding it was not deliberate. Well, there's a couple of possibilities. So what's their reason? I mean, the first explanation could be something as simple as, because of the nature of what they were investigating, and the fact that Mr. De La Cruz was a police officer, maybe they just had some sort of contempt or dislike for him or the family. Something that could also be possible is, we know that the warrant itself, or the warrant itself, specifically says what crime is being investigated and what the agents are looking for. And it may be something as simple as, at the time when the warrant was requested, they hadn't had a chance to interrogate the family members, and they didn't want them to know before they were interrogated what they were being investigated for. And that's a possible explanation. Is there... Do I have evidence of that? No, because the government never called anyone to say, to explain how or why the warrant was not served, other than Agent Chang. Well, when did they find out that the full warrant wasn't there? Because there was also a phone number written on it. It would be unusual, it seems to me, for the agent to intentionally not give the full warrant, but then give them a phone number to call in case they have any questions. So, was that phone number called? And what was said? I don't... I mean, there's no evidence as to whether or not that phone number was called, and I'm not sure on this record that we know when it was discovered that the full warrant wasn't served. Certainly, Agent Chang knew that the warrant was more than a page long. And certainly, the other agents, including the agents that Mr. Delacruz asked to show him the warrant or provide the warrant, knew that the warrant was more than one page long. So, we have a group of agents, several agents, who disregarded specific requests that the warrant be provided. We know that when Mr. Delacruz asked Agent Fellman to provide the warrant, Agent Fellman basically shows him the first page of the warrant and then says, kind of moves on and doesn't explain anything else about the warrant. So, at that point, we know that Agent Fellman purposefully and deliberately and intentionally only showed the first page of the warrant. And then at the end of the day, the only part of the warrant that's left is that same first page. I mean, the government would explain that as some sort of coincidence, but to me, that's evidence of deliberate disregard and evidence that the agents intentionally just showed the first page of the warrant for whatever reason. I see that my time is almost up, so I would ask to reserve. Yeah, and we'll give you some time for rebuttal. Thank you. Ms. Purcell. I got so interested in what everyone was saying that I wasn't ready to hit my unmute button when I should have been. May it please the court, my name is Marion Purcell. I'm the Assistant U.S. Attorney here in the District of Hawaii and I represent the United States in this matter. I think one of the key facts here is something that Judge Clifton mentioned, which is there's just no apparent motive for leaving the attachments off. We are in, as Mr. Jerome has said, we are in agreement about a lot of things here. We part company only on the question of deliberateness. What's your response to his suggestion that the reason why they didn't want them to see anything other than the face sheet was so that they wouldn't know what the particular charge was in advance of any interrogation that might happen in connection with the search? We have no evidence on that point one way or the other. As Mr. Jerome has admitted, there is no evidence of that. We do know that from the testimony that the agents were there for some hours that day and did speak to the people who were present. So it seems at least unlikely that there would have been any reason to withhold the nature of the crime at the end of that. Is there anything in the record that says whether they did or did not say why they were there or what the... I went back and looked at that exact question, Your Honor, and the only thing that I could find was that the law enforcement officer, Mr. Dela Cruz, knew that, quote, not literally quote, from his point of view, he knew that it wasn't about him. The testimony just didn't cover the question of whether the people at the scene knew what crime was being investigated. That sentence, though, that he knew it wasn't about him, that the agents weren't there investigating him, suggests to me that he probably did know that it was a child pornography case because that way he would have been able to say clearly not about me. But I don't know that for a fact. The evidence is not... Well, and ultimately, who bears the burden? The defendant bears the burden. Does the government have any burden here? Meaning if we find that the facts are inconclusive but plausible to support the defendant, would that weigh in their favor? Does the government have any burden? No, Your Honor. The defense needs to show the elements that would justify the extreme remedy of exclusion of the suppression of the evidence. They need to be able to show that the failure to leave the attachments to the warrant was deliberate. What do you say in response to their drawing a line in terms of the relationship between Grubbs and Gant as to the issue of whether you have to give it at the beginning or whether you have to give it in response to a request? So they concede that Grubbs overruled Gant on the first one, but they're saying the second one was not settled by Grubbs. What's your response to that? Your Honor, I have to confess that I didn't focus on that because the appellant didn't focus on that. The appellant complains that there were multiple requests during the course of the session but doesn't argue that that is a basis for suppression at any point. Well, isn't the real response to that, and I didn't mean to interrupt if you have more to say, but it seems to me, and I'd be interested in your view on this, that that's almost a separate grounds for suppression. If that were the grounds, was that under Grubbs or whatever, or Ninth Circuit precedent, that they had to provide it upon request, that would not, if they failed to do that, that would be a technical violation, but rather, you know, an actual ignoring. I mean, that would be a different circumstance, wouldn't it? It would be a different basis for suppression, and it's not one that was argued by the appellant. The appellant mentions the opening brief and the reply brief mention the failure to respond to the request, but don't use that as a basis for relief. Did they below? Was that raised below? It was not, Your Honor. What is deliberate disregard of the rule? At what point would it be that? Say, I mean, how do you describe what happened? You admit that it was an error. What kind of an error was it? Was it a negligent error? It was certainly negligent, and the district court found Agent Chang to be negligent. We admit that Agent Chang absolutely knew there were five pages to the warrant package, to the complete warrant, and he didn't notice. The testimony is pretty clear that he was very focused. What do you mean he didn't notice? He didn't notice that when he left the piece of paper behind, he left only one page of that. How do you not notice that? I think that's what I'm hung up on a little bit, is if you're going to read this technically, how could it not be deliberate indifference in a way? Because he knew that it was one page. It wasn't like a mistake where he left three pages and it should have been five pages. It was one page. He knew it was one page because didn't he turn it over on the back and write the number to call on the back? Your Honor, I think the problem was that he was focused on the inventory. That's what he was preparing and that's what he was focused on going over with the homeowner, was the inventory of what had been seized. And incidentally, he picks up the warrant that's on the table and hands it over without consciously realizing that the pages were missing. So is that the difference, that if they could show that he was conscious? If he had said, hey, I'm going to give you a one-page search warrant, here you go, and there was testimony that he'd said that, would that be deliberate disregard? If he were aware of the rule that requires that the attachments be provided, it would be a deliberate disregard of that rule. There is case law that suggests that if the agent were unaware of the rule, it would not be deliberate. But if he were aware that he needed to turn over the attachments, then yes, if he had knowingly given them only one page, frankly, if he had noticed it was one page, he would have gone and found the attachments and provided them. He didn't notice, and that is a fact-finding. Well, I want to take you to task a little bit on that, because I think there's a difference between noticing. I find it very hard to believe that he didn't notice that he handed them one page. It seems like the better argument is, he didn't understand the ramifications of handing them only one page. He didn't think about it. Your Honor, the district court found as a fact that Agent Chang did not realize that the warrant that was left with Ms. Dela Cruz was incomplete. That's a fact-finding based upon her in-person analysis of the testimony, understanding of what Agent Chang testified to, both on direct and on cross-examination. He didn't realize that the warrant was incomplete. That is finding a fact, and it's not clearly wrong with respect. Can I take you back to the question about the relationship between Ant and Grubbs? Because I'm looking at the blue brief, and it says two things demonstrate deliberate disregard of Rule 41's notice and service requirements. The second is, no less than three agents regarded the homeowner's request for production of the warrant, and then they block quote the language from Ant. I don't understand your argument that they didn't raise this in the brief. It's rarely raised. So the question is, does the government contend that that portion of Gant is still valid, or has it been overruled by Grubbs? So in Grubbs, the United States Supreme Court reversed this court and made an important point about why you would need, let me start that sentence over again. In Gant, and in other cases, this court had held that one of the reasons that you have to turn over the warrant at the beginning or during the search and not at the end is because if you didn't do that, there would be no way for the homeowner to police the police, to be able to make sure that the police were doing what they were supposed to be doing and acting within the bounds of the warrant. In Grubbs, the United States Supreme Court reverses and says very clearly, no, that is not the purpose of the delivery of the warrant. It is not necessary for the homeowner to be able to police the search during the police, during the course of the search, I'm sorry. The Constitution protects property owners not by giving them license to engage the police in a debate over the basis for the warrant, but by interposing ex-ante, the deliberate impartial judgment of a judicial officer between the citizen and the police, and by providing ex-post a right to suppress evidence improperly obtained in a cause of action for damages. So consistent with Grubbs, there is no need to provide the warrant during the course of the search. I only have a few more seconds. I would just like to reiterate the point that the appellant has failed to show that any actor, whether it be Agent Chang or another agent at the scene, intentionally failed to leave the attachments to the warrant. And I'd also like to point out that the district judge does not ignore the presence and actions of the other agents. The district judge specifically said that there had been no, there was no evidence whatsoever of deliberate action, not just on the part of Agent Chang, but also on the part of the other agents. Thank you, Ms. Purcell. Mr. Jerome, we'll give you two minutes for rebuttal. Thank you. I just want to say briefly about the burden of proof here and what was provided by the defense. What we've demonstrated here is a pattern of deliberate intentional choices. When you say pattern, a pattern in this specific instance, you're not alleging there's a pattern that they always... Sorry, Your Honor, in this case. So the agents deliberately and intentionally chose to not serve the warrant at the outset. The agents, despite multiple requests to multiple agents, deliberately and intentionally chose not to show the warrant to the homeowners. Agent Fellman deliberately and intentionally chose to show Jason De La Cruz just the face page of the warrant when he asked to see it. We know that agents, some agents deliberately unstable the face page that was provided to Mrs. De La Cruz from the rest of the warrant. It wasn't just Agent Chang here. Some other agent provided that face page to Agent Chang in order to have him serve it upon the homeowners. So that agent, along with Agent Chang, should have noticed that, hey, this warrant's supposed to be five pages long. I'm giving you one page to provide to the homeowner. And then Agent Chang only provides one page to the homeowner, even though he knows that the warrant is five pages long. I'd say that's a pattern. And I'd say that we've met our burden of proof. And in the face of that pattern, the government, as it did in Gantt, has provided no explanation or justification for the agent's failure to serve the entire warrant in this case. All we basically have is Agent Chang saying, my bad, I made a mistake, I didn't serve the whole warrant. But there's no explanation for the choices, the deliberate and intentional choices that were made by the other agents here. So in the face of that, I would say that the district court in this case erred when it denied Mr. Monacou's motion to suppress. So we would ask this court to reverse the denial of the motion to suppress and remand this case for further proceedings. Thank you. Thank you to both counsel for a great argument in this case. And the case is now submitted.
judges: Clifton, Nelson, Collins